1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

| | |
|---|---|
| MARK E. TOWNER,<br><br>                Plaintiff,<br><br>    v.<br><br>A PLACE FOR ROVER INC., et al.,<br><br>                Defendants. | CASE NO. 2:25-cv-00553-JNW<br><br>ORDER DENYING PLAINTIFF'S<br>EMERGENCY MOTION |

13

14

15

16

17

18

19

20

21

22

23

      The Court considers Plaintiff Mark E. Towner's emergency motion requesting various relief. Dkt. No. 77. The Court construes the motion as a request for accommodations under the Western District of Washington's Disability Access and Accommodations Policy. *See* https://www.wawd.uscourts.gov/visitors/access. Towner asserts that he has Treatment Resistant Major Depressive Disorder and heart failure that are exacerbated by stress, "risking health deterioration without accommodation." Dkt. No. 77 at 3. He requests the following relief:

      (1) "a closed (in camera) oral argument hearing to resolve all diversity

          jurisdiction issues and motions to dismiss (Docs. 58, 71, 73)";

ORDER DENYING PLAINTIFF'S EMERGENCY MOTION - 1

1

2

(2) "submission of confidential documents (e.g., medical records, divorce/pre-

nuptial court documents, FDA IDA trials) under seal at the hearing";

3

(3) "full explanations by Plaintiff to prove diversity";

4

(4) "protections under the Americans with Disabilities Act (ADA), HIPAA,

5

SSA regulations, FDA confidentiality, and related acts";

6

(5) "suspension of all current motion deadlines/orders (e.g., Aug 29, Sep 5,

7

Sep 12 noting date, Sep 12 26(f) conference) pending hearing; and"

8

(6) "ruling from the bench."

9

*Id.* at 1. The Court DENIES the motion for the reasons below.

10

11

12

13

14

15

16

17

18

19

20

Courts in this district are committed to providing equal access through reasonable accommodations consistent with the Americans with Disabilities Act (ADA). *See generally Tennessee v. Lane*, 541 U.S. 509 (2004). "Title II of the ADA and § 504 of the Rehabilitation Act grant individuals with disabilities the right to reasonable modification to have meaningful access to a covered entity's services, programs and activities, so long as that modification will not constitute an undue burden or fundamentally alter the nature of such program or activity[.]" *Cal. Council of the Blind v. Cnty. of Alameda*, 985 F.Supp.2d 1229, 1242 (N.D. Cal. 2013); *see Lonberg v. City of Riverside*, 571 F.3d 846, 851 (9th Cir. 2009) (The ADA's prohibition against discrimination "is universally understood as a requirement to provide 'meaningful access.'").

21

22

23

Assuming without deciding that Towner has a disability, the Court finds that the requested accommodations are not reasonable, as they would fundamentally alter court proceedings, potentially affect the Court's substantive decisions in this

matter, and impact the due process rights of other litigants in this case by limiting

their access to the courts and restricting their right to be heard on their own

motions. The Court finds no other legal basis to grant Towner's motion.

Accordingly, the Court DENIES Towner's emergency motion. Dkt. No. 77. To

the extent Towner faces genuine barriers to court access due to his claimed

disability status, he may file a targeted motion identifying specific access

impediments and proposing narrowly tailored accommodations that do not affect

the merits or procedural posture of the case.

Dated this 28th day of August, 2025.

Jamal N. Whitehead
United States District Judge