1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK E. TOWNER,<br><br>  Plaintiff,<br><br>  v.<br><br>A PLACE FOR ROVER INC., et al.,<br><br>  Defendants. | CASE NO. 2:25-cv-00553-JNW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

Plaintiff Mark Towner moves for reconsideration of this Court's order denying him leave to file evidence on certain parties' domiciles. Dkt. Nos. 87, 88. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A district court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation modified).

**ORDER** DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

Towner asserts that he must submit this domicile-related evidence to oppose Defendant Christopher Cook's motion to dismiss because that motion challenges the existence of diversity jurisdiction. Thus, according to Towner, evidence of domicile is key. But Towner is incorrect about the nature of Cook's motion. Cook's motion does not argue a lack of diversity among the parties. Rather, Cook's primary arguments are that Towner (1) failed to state a claim upon which relief can be granted, and (2) that the Court lacks *personal jurisdiction* over him because he is not domiciled in Washington and lacks sufficient minimum contacts with Washington.

Accordingly, Towner has not shown that reconsideration is warranted, and his motion is DENIED. Dkt. No. 87.

Dated this 10th day of September, 2025.

Jamal N. Whitehead
United States District Judge