UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK E. TOWNER, | CASE NO. 2:25-cv-00553-JNW |
| Plaintiff, | ORDER |
| v. | |
| A PLACE FOR ROVER INC., et al., | |
| Defendants. | |

Plaintiff Mark Towner's motion for reasonable accommodations comes before the Court. Dkt. No. 89. Because this motion concerns judicial administration and access to the courts, the Court rules without awaiting Defendants' response.

Towner represents that he has been "SSA-disabled since 2014 with Treatment-Resistant Major Depressive Disorder (TRMDD), heart failure, and cognitive/emotional impairments from electroconvulsive therapy (ECT) procedures that caused brain damage, including short-term memory loss, anxiety, uncontrollable weeping, temper loss, and potential defibrillator triggers under stress[.]" Dkt. No. 89 at 3. The Court takes Towner at his word regarding these conditions and his need for accommodations.

ORDER - 1

"Title II of the ADA and § 504 of the Rehabilitation Act grant individuals with disabilities the right to reasonable modification to have meaningful access to a covered entity's services, programs and activities, so long as that modification will not constitute an undue burden or fundamentally alter the nature of such program or activity[.]" *Cal. Council of the Blind v. Cnty. of Alameda*, 985 F. Supp. 2d 1229, 1242 (N.D. Cal. 2013); *see Lonberg v. City of Riverside*, 571 F.3d 846, 851 (9th Cir. 2009) (The ADA's prohibition against discrimination "is universally understood as a requirement to provide 'meaningful access.'").

The Court addresses each accommodation request in turn. The first request asks that the Court require all parties to appear in person for the upcoming hearing on the pending motions to dismiss (Dkt. Nos. 58, 71, 73, 75). Dkt. No. 89 at 3. This contradicts one of Towner's prior requests, which asked the Court to hold *all hearings* remotely. *See* Dkt. No. 59. In response to that request, the Court reiterated that while Towner must be prepared to appear in person, the Court also "routinely accommodates remote hearings and frequently holds remote hearings." *Id*. at 2. Towner may of course appear in person or remotely. The Court finds that this flexibility offers him meaningful access to the courts.

Second, Towner asks that he be permitted "to use a laptop computer with high-speed Wi-Fi access during the hearing for real-time reference to case files and legal tools, including Grok AI (for quick factual recall and organization, mitigating memory loss) and Decisis (for legal research)." Dkt. No. 89 at 3–4. All litigants may use their laptops and connect to Court Wi-Fi to access their materials. As for AI tools, the Court permits their in-court use for basic functions like document

retrieval and reviewing pre-organized materials. However, Towner may not use AI to generate real-time responses to the Court's questions during oral argument, as this would undermine the fundamental nature of oral advocacy and could constitute unauthorized practice of law by a non-attorney, artificial-intelligence system. Towner remains personally responsible for ensuring the accuracy of *any and all* representations and legal arguments made to the Court.

Third, Towner asks that he be permitted to "display pre-recorded video statements addressing key issues (e.g., domicile evidence, complaint deficiencies) via court AV equipment." *Id*. at 4. He explains that this "prevents emotional triggers (weeping/temper loss) from live testimony, ensuring composed presentation without humiliation, while permitting judge/party questions on the content." *Id*. Granting this request would impermissibly change the fundamental nature of oral argument, which must be responsive to the Court's questions and to opponents' arguments. The Court will allow Towner to read prepared portions of his argument, and it will consider requests for short breaks during the argument if necessary to accommodate Towner. The provision of short breaks as needed is sufficient to ensure that Towner has meaningful access.

Fourth, Towner asks that he be allowed to "bring all case files (physical/digital) into the courtroom for reference," and that he be granted "additional time (e.g., 1-2 minutes per question) to search documents or consult aids when responding to the Court or parties, accommodating memory/cognitive delays without delaying the hearing unduly." Dkt. No. 89 at 4. All parties may bring in physical case materials, and the Court will permit any person to reference

ORDER - 3

documents while answering questions during oral argument. The Court expects that the parties will have prepared in order to reference necessary documents quickly. However, the parties will not be on a clock, so there is no need to request additional time to answer the Court's questions as an accommodation.

Lastly, Towner asks that the Court order "all future in-person meetings, including the Rule 26(f) conference . . . be held at the Utah Law and Justice Center . . ., where Plaintiff's spouse (Carrie Lynn Towner, active Utah Bar member) has free access to facilities." *Id*. Towner asserts that "[t]his neutral, law-related venue minimizes travel burdens for Plaintiff (UT-domiciled) amid health constraints, promotes efficiency, and addresses Defendant Cook's venue concerns (Dkt. 87-9) by centralizing in a jurisdiction tied to Plaintiff's domicile, without prejudice to others." *Id*. Granting this request would impose an undue and unfair burden on the litigants who are not domiciled in Utah near the Utah Law and Justice Center. Additionally, the Court likely lacks authority to force parties to appear in another state. Towner's request also raises red flags, given that his wife has not appeared in this matter to represent Towner. Thus, the Court denies the request. The Parties may of course elect to hold their meetings via phone or an online videoconference platform like Zoom.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for reasonable accommodations. Dkt. No. 89.

Dated this 10th day of September, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 5