UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK E. TOWNER, | CASE NO. 2:25-cv-00553-JNW |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| A PLACE FOR ROVER INC., et al., | |
| Defendants. | |

## 1. INTRODUCTION

This matter comes before the Court on Defendants' various motions to dismiss. *See* Dkt. Nos. 58, 71, 73, 75, 111. Having reviewed the motions, Plaintiff Mark Towner's responses, Dkt. Nos. 61, 64, 79–81, 112, the replies, Dkt. Nos. 91, 92, 98, the relevant record, all supporting materials, and the presentations made by the Parties at oral argument, Dkt. No. 107, the Court GRANTS the Motions.

## 2. BACKGROUND

The operative complaint, Dkt. No. 12 ("SAC"), alleges as follows:

Defendant A Place for Rover, Inc. ("Rover"), is an app-based platform where pet owners can connect with and book services from individuals interested in

DISMISSAL ORDER - 1

offering pet care services. SAC at 11. Through Rover, Towner arranged for his dog Bella to be boarded by Defendant Janis Cook at a house owned by her son—Defendant Christopher Cook—in Chalmette, Louisiana. SAC at 10–12.

When Towner arrived at Cook's house on April 28, 2022, Janis Cook's dog attacked Bella. SAC at 12. Towner was bitten on his left hand by Cook's dog and fell to the ground while attempting to rescue Bella. *Id.* After repeatedly hitting Cook's dog with his right hand, Towner was able to free Bella. *Id.* Towner then brought Bella to a veterinary emergency room for surgery where he filed a police report with the St. Bernard Parish Sheriff's Office and then opened a case with Defendant St. Bernard Parish Animal Control. *Id.* at 13. Approximately a year after the incident, Towner was diagnosed with "SLAC wrist" in his right wrist/hand, causing "ongoing pain due to [the] attack." *Id.*

Towner originally sued the Cooks, Rover, St. Bernard Parish Animal Control, and Amanda Forde in the United States District Court for the Eastern District of Louisiana. *See Towner v. Cook et al.*, Case No. 2:23-cv-01597-SM-DPC (E.D. La. filed May 12, 2023). Within months, he moved to voluntarily dismiss his case because his claims "present[ed] no question arising under the [C]onstitution," and that there was not adequate diversity between the parties. *See* Dkt. No. 74, Ex. C. That case was dismissed without prejudice on July 10, 2023. *See* Dkt. No. 76, Ex. D.

Nearly two years later, on March 24, 2025, Towner brought the instant lawsuit against the following Defendants: (1) Rover and its executives Aaron Easterly, Brent Turner, and Charlie Wickers; (2) Christopher Cook; (3) Janis Cook; (4) St. Bernard Parish Animal Control and director Amanda Forde; and (5)

DISMISSAL ORDER - 2

Blackstone Inc.[1] He brings seven discernible claims: (1) a personal injury claim against Defendants Janis and Christopher Cook; (2) a negligence claim against "Each Defendant" for breaching their "duty to prevent [Cook's dog] from inflicting bodily injury, and specifically against Rover for "illegally contracting with independent pet sitters," and for not enforcing contractual obligations to "assure adequate safety for pets" or ensuring that those sitters maintain "adequate liability insurance"; (3) a negligence *per se* claim against Defendant St. Bernard Parish Animal Control for failing to maintain a dog bite database, follow rabies protocol, and timely investigate the dog bite at issue; (4) another negligence claim against all Defendants as the "owners, lessors, managers[,] or control agency" of the Cook residence, each of whom violated a "duty to prevent injury to [Towner]"; (5) a premises liability claim; (6) a claim alleging that the venue provision contained in Rover's terms of service is unconstitutional under the Seventh Amendment of the United States Constitution; and (7) a claim for "Intentional Negligence and Unconstitutional Use of Terms of Service to Avoid Liability And Laws." SAC at 13–23.[2]

Every Defendant has since moved to dismiss Towner's claims. *See* Dkt. Nos. 58, 71, 73, 75, 111. The Court addresses Defendants' various arguments below.

---

[1] Towner also brought claims against various federal agency defendants but has since voluntarily dismissed those claims. *See* Dkt. Nos. 47–52.

[2] Claims Six and Seven do not contain any discrete factual allegations about any constitutional violations. SAC at 19–23. Rather, they incorporate by reference all of the previous allegations in the complaint and then provide what appear to be broad, computer-generated summaries of certain areas of law. *Id.*

## 3. DISCUSSION

### 3.1 The Court does not have subject matter jurisdiction over this dispute.

As a federal court, this Court must dismiss the case if it lacks jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation[.]"). The Court concludes that it lacks subject matter jurisdiction here because (1) the parties are not completely diverse, and (2) Towner's claims do not present a federal question.

#### 3.1.1 Legal standard.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are presumed to lack subject matter jurisdiction over a case, and the plaintiff bears the burden of showing otherwise. *Id.* Broadly speaking, a federal district court has jurisdiction over all civil actions (1) "arising under the Constitution, laws, or treaties of the United States" (known as "federal question" jurisdiction), *see* 28 U.S.C. § 1331; or (2) for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant (known as "diversity" jurisdiction), *see* 28 U.S.C. § 1332. *See also Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021).

The party seeking the exercise of jurisdiction must allege sufficient facts in his complaint to establish jurisdiction. *Fifty Assoc. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). When a plaintiff represents themselves as a pro se litigant, their complaints must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). For example, pro se litigants are held to less stringent pleading standards for satisfying diversity jurisdiction. *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986).

Even so, "the court should not supply essential elements of the claim that were not initially pled." *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) (courts "should not have to serve as advocates for pro se litigants[,]" and a litigant proceeding pro se does so "with no greater rights than a litigant represented by a lawyer[.]"). "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (citations omitted).

### 3.1.2    The Parties are not completely diverse.

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties be completely diverse—meaning that no plaintiff may share citizenship with any

defendant—and that the amount in controversy exceed $75,000. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Defendants argue that complete diversity between the Parties is lacking because Towner was a citizen of Louisiana at the time he brought the lawsuit. *See, e.g.*, Dkt. No. 73 at 6. The Court first addresses the legal standard and then assesses whether Towner, as the party asserting diversity jurisdiction, satisfies his burden of proof to show complete diversity. *See Lew*, 797 F.2d at 749.

"To demonstrate citizenship for diversity purposes, a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). The Ninth Circuit has "established several principles to guide" the citizenship inquiry:

> First, the party asserting diversity jurisdiction bears the burden of proof. Second, a person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely. Third, the existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. Finally, a person's old domicile is not lost until a new one is acquired. A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely.

*Id.* at 749–50 (quotation modified).

Domicile is a mixed question of law and fact that the Court must evaluate objectively. *Lew*, 797 F.2d at 750. Accordingly, "statements of intent are entitled to little weight when in conflict with facts." *Id.* Courts in the Ninth Circuit consider several factors when determining a party's domicile, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership

in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.*; *see, e.g.*, *Briggs v. Serv. Corp. Int'l*, 653 F. Supp. 3d 839, 845 (W.D. Wash. 2023) (defendant was not domiciled in Washington having moved to Florida with "no plans to move back to Washington").

As it must, the Court begins its jurisdictional inquiry with the language of the complaint. Federal Rule of Civil Procedure 8 requires that the complaint contain a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Towner's complaints fail to satisfy this requirement. In each of the three complaints he filed, Towner appears to invoke the Court's diversity jurisdiction. The complaints address the citizenship of the various Defendants, *see, e.g.*, SAC at 9–10, but fail entirely to allege Towner's citizenship for the purposes of diversity, *see generally id*. While jurisdictional facts alleged in the complaint are not conclusory, "a party seeking to invoke diversity jurisdiction should be able to affirmatively allege the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Towner argues that he is "not a Louisiana resident or domiciliary," but rather that he "resides in Utah" with a history of "long-term residencies" in Washington, Utah, North Carolina, and Alaska. Dkt. No. 65 at 5. Standing alone, Towner's claim of Utah residency is not enough to show that he is domiciled there when assessing diversity jurisdiction. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857; *see also Mercado v. Home Depot USA, Inc.*, No. CV1810352PAADSX, 2018

DISMISSAL ORDER - 7

WL 7461695, at *1 (C.D. Cal. Dec. 17, 2018) ("an individual is not necessarily domiciled where he or she resides"); Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:2032 ("Allegations that a party 'resides' in a state (without alleging that the party is a citizen thereof)" are insufficient to show diversity). However, as Towner is self-represented, the Court will construe his arguments as alleging that he was domiciled in—and thus a citizen of—Utah at the time of filing his complaint. *See Erickson*, 551 U.S. at 94.

The Court finds this argument runs contrary to the objective facts in the record, which show that Towner was domiciled in Louisiana at the time of filing. *See Lew*, 797 F.2d at 750*; see also, Shaw v. Cent. Puget Sound Reg'l Transit Auth.*, No. 2:22-CV-00598-TL, 2023 WL 2663325, at *2 (W.D. Wash. Mar. 28, 2023) (finding plaintiff to be a Washington citizen despite claims of Oregonian citizenship due to listing a Washington address in his amended pleadings). Throughout these proceedings, Towner has referred to Louisiana as his domicile. *See, e.g.*, Dkt. No. 54 at 5 (Towner declaring under penalty of perjury that as of July 23, 2025, his "primary domicile is New Orleans, Louisiana"). In his original complaint, Towner listed his address as "21 Lakewood Pl., New Orleans, LA 70131." *See* Dkt. No. 1 at 15. He continued to list this address in his subsequently filed complaints. *See* Dkt. Nos. 4-1; 12 at 25. This same address was listed as the return address on each of the envelopes sent to the Court containing each of Towner's three complaints. Dkt. Nos. 1 at 16; 4-3; 12 at 26. It also corresponds with Towner's address as of his 2023 lawsuit, which was dismissed after he conceded that the claims "lack requisite diversity of citizenship," *see* Dkt. Nos. 64-5 at 4, 6; 64-6 at 2, and his listed address

on his civil cover sheet, see Dkt. No. 6 (also listing "Orleans Parish, LA" as his county of residence). It is also the same address that Towner used when he established a Louisiana business entity (Townercorp International, Inc.) in October 2021. Dkt. No. 76-5. Towner also provides a lengthy timeline of where he has lived throughout his life ending with an admission that while he lived in Utah from 2000–2015, he "relocated . . . to New Orleans in 2019," where he intends to stay until "[a]fter [his] spouse's retirement," upon which they "anticipate relocating back to . . . Washington." Dkt. No. 64-1 at 3. This timeline supports the Court's conclusion that Towner was domiciled in Louisiana as of March 24, 2025, the date of filing.

Towner's evidence of Utah citizenship is equal parts underwhelming and unavailing. Towner directs the Court to (1) a letter from Utah Retirement Systems indicating his payment of monthly benefits; (2) an unpaid cell phone bill; (3) and an incomplete credit union statement from America First Credit Union. Dkt. No. 64-2. All these documents list the Murray, UT address. Dkt. No. 64-2. But they are dated between June 29 and July 7, 2025—more than three months *after* he filed this lawsuit on March 24, 2025. Towner cannot manufacture diversity jurisdiction through strategic post-filing conduct. Nor can he claim dual "Utah/Alaska" domicile, *see* Dkt. No. 80 at 3, as a person can have only one domicile for diversity purposes at a particular time. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

From this information, the Court can only conclude that on March 24, 2025, Towner was considered a citizen of Louisiana for purposes of establishing diversity jurisdiction. Because Defendants Christopher Cook, Janis Cook, St. Bernard Parish

Animal Control, and Amanda Forde are also citizens of Louisiana, *see* Dkt. No. 12 at 10, Towner cannot establish complete diversity as required by 28 U.S.C. § 1332. This jurisdictional flaw in Towner's complaint cannot be cured by amendment.

Accordingly, the Court GRANTS the motions seeking dismissal of Towner's claims on diversity jurisdiction grounds. *See* Dkt. Nos. 71, 73, 75. Towner's claims against the Louisiana Defendants—Christopher Cook, Janis Cook, St. Bernard Parish Animal Control, and Amanda Forde—are DISMISSED WITH PREJUDICE.[3]

### 3.1.3    Towner's claims are insufficient to invoke federal question jurisdiction.

Defendants next argue, albeit briefly, that there is no federal question jurisdiction because Towner "has not pled any claims under any federal law or treaties." Dkt. No. 71 at 6. In his response, Towner does not address this argument. *See* Dkt. No. 80 at 2 (only opposing the motion's argument as to diversity jurisdiction). By failing to respond to this argument, Towner concedes that his claims fail to present a federal question under 28 U.S.C. § 1331. *See, e.g.*, *Hold Sec. LLC v. Microsoft Corp.*, 705 F. Supp. 3d 1231, 1245 (W.D. Wash. 2023) (plaintiff's "failure to respond to individual claims in a motion to dismiss," may be "considered by the court as an admission that the motion has merit") (citations omitted).

---

[3] Defendants Christopher Cook, Janis Cook, St. Bernard Parish Animal Control, and Amanda Forde also moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. Dkt. No. 58, 75, 111. Because the Court lacks subject matter jurisdiction over this entire action, it need not reach the personal jurisdiction arguments.

However, as Towner is proceeding pro se, the Court will briefly address whether Towner presents a federal question.

Federal-question jurisdiction covers "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To qualify, a federal question must be presented on the face of the complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). This requirement is called the "well-pleaded complaint rule." 13D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3566 (3d ed.).

The only laws or constitutional provisions referenced in the SAC are the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., and the Seventh Amendment of the United States Constitution.[4] Neither are sufficient to convey federal question subject matter jurisdiction over this matter. The FAA "bestow[s] no federal jurisdiction but rather require[s] an independent jurisdictional basis." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25, n.32 (1983)); *see also* 9 U.S.C. § 4 (providing for action by a federal district court "which, save for such [arbitration] agreement, would have jurisdiction under title 28"). Similarly, the Seventh Amendment of the United States Constitution does not provide an independent source of jurisdiction. *See, e.g., Crook v. Shea Fiduciary Servs.*, No. ED-CV-20-1277-

---

[4] Towner also raises a Fifth Amendment claim, arguing that "Defendants, acting under color of federal law," deprived him his ability to retain his wife, an Administrative Law Judge, as his representative. SAC at 9. While these allegations may form the outline of a *Bivens* claim, the Court notes that the only Defendants capable of acting under color of federal law are no longer parties to the case. *See supra* at 3 n.1. Therefore, the Court disregards Towner's Fifth Amendment claims.

DMG-SPX, 2020 WL 8087942, at *1 (C.D. Cal. Sept. 8, 2020). Towner raises no other relevant federal statute or standard. The remaining causes of action are garden-variety state-law claims, none of which are sufficient to invoke federal question jurisdiction under 28 U.S.C. 1331.

Towner's complaint does not plead a federal question, and thus he fails to establish subject matter jurisdiction under the well-pleaded complaint rule. Nor can he salvage the jurisdictional flaw in his "federal" claims via amendment, as neither the FAA nor the Seventh Amendment convey subject matter jurisdiction. Accordingly, the Court GRANTS the motions seeking dismissal of Towner's claims on federal question jurisdiction grounds. *See* Dkt. Nos. 71, 73, 75. Claims Six and Seven are DISMISSED WITH PREJUDICE.

**3.2   The Court does not have personal jurisdiction over Defendant Blackstone.**

Defendant Blackstone argues that dismissal is also appropriate under Federal Rule of Civil Procedure 12(b)(2) because Towner fails to show how Blackstone is subject to personal jurisdiction in Washington. Dkt. No. 71 at 7–10. The Court agrees.

**3.2.1   Legal standard.**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Unless there has been an evidentiary hearing, the plaintiff's pleadings and affidavits must "make a prima facie showing of personal jurisdiction." *Id.* (quoting

*Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)). "[T]he plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant," *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995), but cannot "simply rest on the bare allegations of its complaint," *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

There are two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017). General jurisdiction "enables a court to hear cases unrelated to the defendant's forum activities . . . if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (quoting *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986)). Meanwhile, specific jurisdiction requires that the suit "arise out of or relate to the defendant's contacts with the forum," which requires "an 'affiliation between the forum and the underlying controversy.'" *Bristol-Myers*, 582 U.S. at 262 (cleaned up) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (cleaned up). "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919).

Because Towner does not allege that Blackstone—a Delaware company with its principal place of business in New York—has any continuous and systematic contacts with Washington, the Court assesses the jurisdictional dispute in terms of specific jurisdiction. "There are three requirements for a court to exercise specific

jurisdiction over a nonresident defendant: (1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (cleaned up) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If successful, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

### 3.2.2   Blackstone's acquisition of Rover was not the cause of Towner's injuries.

To exercise specific jurisdiction over Blackstone, the Court must first determine whether the claims at issue arose out of or related to Blackstone's contacts with Washington. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504 (9th Cir. 2023). The answer is a resounding no. To the extent Blackstone is discussed in the SAC, it is only in relation to its November 29, 2023, acquisition of the Washington-based Rover. Dkt. No. 12 at 10. Towner makes no plausible allegations that Blackstone's acquisition of Rover somehow was the legal cause of his asserted injuries. *See Yamashita*, 62 F.4th at 504–06 ("[F]or a claim to arise out of a defendant's forum contacts requires" a showing of but-for causation.) Nor can he:

the incident in question occurred on April 28, 2022, nearly a year and a half before the purported acquisition. Accordingly, the Court does not have specific personal jurisdiction over Blackstone. *See Schwarzenegger*, 374 F.3d at 807 n.1 ("Because [Plaintiff] has failed to sustain his burden with respect to the second part of the [specific jurisdiction] test, we need not, and do not, reach the third part of the test."). The Court further finds that amendment would be futile to show that Blackstone somehow caused Towner's alleged injuries. Accordingly, Blackstone's Rule 12(b)(2) motion is GRANTED and Towner's claims against Blackstone are DISMISSED WITH PREJUDICE.

**3.3** **Towner may amend his complaint as to the Washington Defendants.**

Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

As the Court found above, it is clear that the jurisdictional flaws in Towner's claims against Defendants Christopher Cook, Janis Cook, St. Bernard Parish Animal Control, Amanda Forde, and Blackstone cannot be cured by amendment. *See supra* Sections 3.1.2, 3.2.2. Nor can Towner salvage his purported "federal" causes of actions in Claims Six and Seven. *See supra* Section 3.1.3. Accordingly, the Court dismisses those parties and claims with prejudice.

However, Towner may yet amend his complaint to show the Court's subject matter jurisdiction over the Washington Defendants—Rover, Easterly, Turner, and

Wickers—none of whom appear to share Towner's Louisianan citizenship. Although the Court has serious doubts as to whether Towner can ultimately state a valid legal claim against those remaining parties, the Ninth Circuit is clear that amendment should be permitted. *See Akhtar*, 698 F.3d at 1212. Accordingly, Claims One through Five are dismissed without prejudice as to Defendants Rover, Easterly, Turner, and Wickers.

## 4. CONCLUSION

Accordingly, the Court hereby ORDERS

(1) The motions seeking dismissal of Towner's claims on diversity jurisdiction grounds, *see* Dkt. Nos. 71, 73, 75, are GRANTED. Towner's claims against the Louisiana Defendants—Christopher Cook, Janis Cook, St. Bernard Parish Animal Control, and Amanda Forde— are DISMISSED WITH PREJUDICE.

(2) The motions seeking dismissal of Towner's claims on federal question jurisdiction grounds, *see* Dkt. Nos. 71, 73, 75, are GRANTED. Claims Six and Seven are DISMISSED WITH PREJUDICE.

(3) Defendants Blackstone's Rule 12(b)(2) Motion, *see* Dkt. No. 71, is GRANTED. Towner's claims against Blackstone are DISMISSED WITH PREJUDICE.

(4) Defendants Rover, Easterly, Turner, and Wickers's motion to dismiss, Dkt. No. 73, is GRANTED. Towner's claims against Rover, Easterly, Turner, and Wickers are DISMISSED WITHOUT PREJUDICE, as per the Court's discussion in the Order.

(5) Towner must file and serve a Third Amended Complaint upon Defendants Rover, Easterly, Turner, and Wickers by no later than November 12, 2025. The Third Amended Complaint must be no longer than twelve (12) pages in length, inclusive of any exhibits, and must plausibly state a cause of action for which this Court has jurisdiction to grant the relief requested. The Court reminds Towner that any amended complaint must meet the procedural requirements for pleadings in federal court. *See* Fed. R. Civ. P. 8. A timely filed amended complaint operates as a complete substitute for the original pleading, and may not incorporate by reference any part of the prior pleading, including exhibits. Failure to file a timely and viable complaint will result in Towner's case being dismissed in its entirety.

(6) All other pending motions in this case are hereby TERMINATED.

Dated this 28th day of October, 2025.

*[signature]*

Jamal N. Whitehead
United States District Judge