UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK E. TOWNER, | CASE NO. 2:25-cv-00553-JNW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT AND MOTION TO STRIKE |
| v. | |
| A PLACE FOR ROVER INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff Mark Towner's Motion for Default. Dkt. No. 119. Having considered the motion, Defendant A Place for Rover Inc.'s response, Dkt. No. 122, the reply, Dkt. No. 124, the relevant record, and all other supporting materials, the Court DENIES the motion.

Towner filed his Third Amended Complaint on November 6, 2025, bringing claims against Defendants Rover, Easterly, Turner, and Wickers. Dkt. No. 117. On November 17, 2025, he voluntarily dismissed his claims against Easterly, Turner, and Wickers, leaving Rover as the sole defendant in this case. *See* Dkt. No. 118. Then, on November 22, 2025, Towner moved for default against Rover for failing to

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT AND MOTION TO STRIKE - 1

timely respond to his latest complaint. Dkt. No. 119. Rover filed its answer on December 4, 2025.

Towner's motion for default does not follow the requirements of the local rules. Local Civil Rule 55(a) states that when a party has made an appearance in the case, they must be given written notice of their opponent's intent to move for entry of default "at least fourteen days prior" to the motion itself. LCR 55(a).[1] The local rules specifically require that the movant for default "provide evidence" sufficient to show that the written notice was provided to the defaulting party. *Id.* Towner did not provide Rover with the requisite notice of his intent to move for default, and so his motion is DENIED for violating the local rules. *See Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) ("District courts have broad discretion in interpreting and applying their local rules.").

The Court also declines to strike Defendant's Answer to Towner's Third Amended Complaint as untimely. "The disposition of a motion to strike is within the broad discretion of the district court." *Sanders v. Energy Nw.*, No. 12-CV-0580-TOR, 2013 WL 12212725, at *1 (E.D. Wash. Feb. 22, 2013) (citing *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)). Towner's sole argument about why Defendant's answer should be struck is his claim that the 14-day delay was prejudicial. Dkt. No. 124 at 4. But beyond this conclusory claim, Towner does not

---

[1] Towner claims that "Local Civil Rule 55(a) tracks Federal Rule of Civil Procedure 55(a) verbatim and imposes no such [14-day notice] obligation." Dkt. No. 124 at 3–4. This is incorrect. Towner is encouraged to review the current Local Civil Rules for the Western District of Washington, which can be accessed through the Court's website via the following hyperlink: https://www.wawd.uscourts.gov/local-rules-and-orders

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT AND MOTION TO STRIKE - 2

demonstrate why or how Defendant's delay caused him prejudice. Accordingly, the Court DENIES Towner's motion to strike. Dkt. No. 124.

In sum, the Court ORDERS that Plaintiff's motions at Dkt. Nos. 119 and 124 are DENIED.

Dated this 23rd day of December, 2025.

Jamal N. Whitehead
United States District Judge