UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK E. TOWNER, | CASE NO. 2:25-cv-00553-JNW |
| Plaintiff, | ORDER STAYING DISCOVERY |
| v. | |
| A PLACE FOR ROVER INC., | |
| Defendant. | |

## 1. INTRODUCTION

This matter comes before the Court on Defendant A Place for Rover, Inc.'s motion for a temporary stay of discovery. Dkt. No. 128. Having reviewed the motion, Plaintiff Mark Towner's response, Dkt. No. 131, Defendant's reply, Dkt. No. 135, and all other supporting materials, the Court GRANTS the motion.

## 2. BACKGROUND

Defendant Rover is an online service where pet owners may book services from individuals interested in offering pet care services. Towner's wife used Rover to schedule a two-week long boarding stay for their dog, Bella, with Janis Cook.

ORDER STAYING DISCOVERY - 1

Dkt. No. 117 ("TAC") at 2. When Towner arrived at the Cook residence to drop off Bella, both he and Bella were attacked by Cook's dog. *Id.*

Towner brings tort and contract claims against Rover arising from that attack, including negligence, breach of contract, intentional infliction of emotional distress, and fraudulent misrepresentation. *Id.* at 3–6. He seeks between $750,000.00 and $2,000,000.00 in damages. *Id.*

The Court previously dismissed the majority of Towner's claims against a number of individual, organizational, and municipal defendants. *See* Dkt. No. 116. Towner filed his Third Amended Complaint on November 6, 2025, naming Rover and three of its executives as defendants. *See* TAC. Towner voluntarily dismissed the executives, *see* Dkt. No. 118, leaving Rover as the only remaining defendant.

### 3.  DISCUSSION

Rover has moved to dismiss Towner's claims, Dkt. No. 127, and that motion is now ripe for consideration. Rover also seeks to stay all discovery until the Court rules on the motion to dismiss. Dkt. No. 128. The Court agrees that a stay is warranted.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). And district courts have "wide discretion in controlling discovery," including by staying discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

ORDER STAYING DISCOVERY - 2

Courts in the Ninth Circuit consider several factors in determining whether a discovery stay is appropriate. *Lomibao v. AGC Biologics Inc.*, No. 2:25-CV-00361-JHC, 2025 WL 2663178, at *1 (W.D. Wash. Sept. 17, 2025). These factors include:

> (1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) the possible damage which may result from the granting of a stay; (4) the hardship or inequity which a party may suffer in being required to go forward; and (5) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* (quotation modified).

Rover's request easily satisfies the first, third, fourth, and fifth factors. The outcome of Rover's motion may very well result in the disposal of the entire case. And despite Towner's claims that a stay "would prejudice [him] and is inconsistent with Ninth Circuit practice," *see* Dkt. No. 131 at 3, he offers no evidence or argument about how a stay would cause him individual harm or otherwise prejudice his case, which has been pending for over a year. Rover, on the other hand, faces real hardship, as Towner has already moved to compel certain discovery responses, *see* Dkt. No. 130, and permitting discovery to continue would require Rover to litigate that dispute—and potentially others—before the Court has even determined whether Towner's claims survive dismissal. And finally, resolving the threshold legal questions before opening discovery will promote judicial efficiency.

As to the second factor, Towner claims that Rover's argument that his claims are barred under 47 U.S.C. § 230 is a factual inquiry that necessarily requires discovery to be decided. Dkt. No. 131 at 3. This "requires the court to take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to

ORDER STAYING DISCOVERY - 3

determine whether a stay is granted." *Zeiger v. Hotel California by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022) (quoting *Nguyen v. BMW of N. Am., LLC.*, 20CV2432-JLS(BLM), 2021 WL 2284113, at *2 (S.D. Cal. June 4, 2021)). Here, while Rover invokes Section 230 immunity in its motion to dismiss, it also argues that Towner's claims fail for independent reasons. *See, e.g.*, Dkt. No. 127 at 13 (arguing that Towner's negligence claim fails on the merits). As a result of this "preliminary peek," the Court is satisfied that no additional discovery is needed in order to rule on the pending motion to dismiss.[1]

## 4.  CONCLUSION

The Court ORDERS that all discovery is stayed until the Court rules on Rover's pending motion to dismiss. The Clerk is instructed to STRIKE all remaining pretrial dates and the trial date in this matter. *See* Dkt. No. 114. Towner's motion to compel, Dkt. No. 130, is DENIED with leave to renew should the stay be lifted.

Dated this 23rd day of [Pick the date].

Jamal N. Whitehead
United States District Judge

---

[1] In the alternative, that a motion to dismiss is premised on Section 230 immunity does not necessary preclude the dismissal of claims on the pleadings. *See Morton v. Twitter, Inc.*, No. CV 20-10434-GW-JEMX, 2021 WL 1181753, at *6 (C.D. Cal. Feb. 19, 2021) (dismissing with prejudice claims brought against Twitter on the basis of Section 230 immunity).