UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK E. TOWNER, | CASE NO. 2:25-cv-00553-JNW |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| A PLACE FOR ROVER INC., | |
| Defendant. | |

## 1.  INTRODUCTION

This matter comes before the Court on Defendant A Place for Rover Inc.'s motion to dismiss. Dkt. No. 127. Having reviewed the motion, Plaintiff Mark Towner's response, Dkt. No. 131, Defendant's reply, Dkt. No. 139, the relevant record, and all other supporting material, the Court GRANTS the motion and DISMISSES the Third Amended Complaint WITH PREJUDICE.

## 2.  BACKGROUND

The facts below are drawn from Plaintiff Mark Towner's Third Amended Complaint ("TAC"), Dkt. No. 117, and are accepted as true for purposes of this motion. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

DISMISSAL ORDER - 1

Defendant A Place for Rover, Inc. ("Rover"), is an app-based platform where pet owners can connect with and book services from individuals interested in offering pet care services. TAC at 10. Through Rover, Carrie Towner, Towner's wife,[1] arranged for their dog Bella to be boarded by Janis Cook between April 28, 2022, and May 8, 2022. TAC at 2, 8 Towner had no role in the booking process; he was responsible for delivering Bella to Cook's house. *Id.*

When Towner arrived at Cook's house, both he and Bella were attacked by Cook's dog. TAC at 2. Towner was bitten on his left hand and fell to the ground while trying to rescue Bella. *Id.* at 3. After repeatedly hitting Cook's dog with his right hand, Towner was able to free Bella. *Id.* Towner then brought Bella to a veterinary emergency room for surgery and visited the emergency room himself. *Id.*

Towner originally sued Cook, her son, Rover, St. Bernard Parish Animal Control, and Parish employee Amanda Forde in the United States District Court for the Eastern District of Louisiana. *See Towner v. Cook et al.*, Case No. 2:23-cv-01597-SM-DPC (E.D. La. filed May 12, 2023). Within months, he moved to voluntarily dismiss that case because his claims "present[ed] no question arising under the [C]onstitution," and because there was not adequate diversity between the parties. *See* Dkt. No. 74, Ex. C. That case was dismissed without prejudice on July 10, 2023. *See* Dkt. No. 76, Ex. D.

Nearly two years later, Towner sued Rover and its executives Aaron Easterly, Brent Turner, and Charlie Wickers; Janis and Christopher Cook; St. Bernard

---

[1] Unless otherwise specified, all references made to "Towner" in this order refer to Plaintiff Mark Towner and not Carrie Towner.

DISMISSAL ORDER - 2

Parish Animal Control and director Amanda Forde;  Rover's corporate parent, Blackstone, Inc.; and several federal agencies. He voluntarily dismissed his claims against the federal defendants, *see* Dkt. Nos. 47–52, and the Court dismissed his claims against the Cooks, St. Bernard Parish Animal Control, Forde, and Blackstone, for failing to state a claim and for lack of personal jurisdiction. Dkt. No. 116.

Towner then filed the Third Amended Complaint against Rover, Easterly, Turner, and Wickers. He brings four claims: (1) negligence; (2) breach of contract; (3) intentional infliction of emotional distress; and (4) fraudulent misrepresentation. TAC at 3–6. He seeks between $750,000 and $2,000,000 in damages. *Id.* After filing the TAC, Towner voluntarily dismissed the Rover executives, *see* Dkt. No. 118, leaving Rover as the only remaining defendant. Rover now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) and 12(c). Dkt. No. 127.

## 3.  DISCUSSION

Rover moves to dismiss Towner's claims on two grounds: that Towner fails to adequately state any claim against Rover, and that his claims are barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230. Dkt. No. 127. The Court need only address the first ground to dismiss Towner's claims.

### 3.1   Legal standard.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a

DISMISSAL ORDER - 3

Rule 12(b)(6) motion. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Courts apply the same standard to both. *See Chavez*, 683 F.3d at 1108.

To survive dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555. Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible. *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. But all inferences reasonably drawn from the facts must be construed in favor of the responding party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) ("We must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party.").

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). But even under this liberal standard, a pro se plaintiff must allege sufficient facts to support the elements of a claim; the Court cannot supply essential elements not initially pled. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### 3.2 Negligence.

Rover argues that it owed no duty to Towner, and therefore his negligence claim should be dismissed as a matter of law. Dkt. No. 127 at 13. The Court agrees.

"In an action for negligence a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause." *Ranger Ins. Co. v. Pierce Cnty.*, 192 P.3d 886, 889 (Wash. 2008).[2] The threshold inquiry—whether a duty exists—is a dispositive one because "[n]o defendant is liable for negligence unless he is under a legal duty to use care." *Ehrhart v. King Cnty.*, 460 P.3d 612, 617 (Wash. 2020) (quoting Dan B. Dobbs, Paul T. Hayden & Ellen M. Bublick, the Law of Torts § 251, at 1 (2d ed. 2011)). "The existence of a legal duty is a question of law for the court." *McKown v. Simon Prop. Grp., Inc.*, 344 P.3d 661, 664 (Wash. 2015).

Towner alleges that Rover owed him a duty of care "by operating and promoting a pet boarding platform advertised as safe." TAC at 4. But Towner's own allegations foreclose this theory. He concedes that he "never accessed the Rover website or app or participated in any Rover booking." TAC at 2. He had no account,

---

[2] Neither party disputes the application of Washington law. The Court therefore applies Washington law without undertaking an independent choice-of-law analysis.

DISMISSAL ORDER - 5

no profile, and no interaction with Rover's platform at all. Rover owed no duty to him under these circumstances. *Cf. Saponaro v. Grindr, LLC*, 93 F. Supp. 3d 319, 326 (D.N.J. 2015) (no duty where plaintiff never used defendant's platform and "was not a foreseeable plaintiff"). And even if it did, Towner only alleges that Rover's *platform* was advertised as safe—he does not allege that Rover assured the safety of its users and their pets when engaging with other users through the platform. Nor can he: Rover's Terms of Service, which Towner relies on in the TAC, explicitly states that the company "does not provide pet care services," and broadly disclaims liability "related to [the user's] interactions or dealings with other users and the acts and/or omissions of Service Providers and Pet Owners, whether online or offline." Dkt. No. 117 at 10. *See also* Dkt. No. 139 at 4 (listing similar disclaimers). Even a Rover user would have trouble establishing a duty in the face of these disclaimers. Towner, who was not a user at all, cannot do so.

Accordingly, Towner fails to state a plausible claim for negligence, and so the Court GRANTS Rover's motion as to that claim.

### 3.3    Breach of contract.

Rover next argues that Towner's breach of contract claim fails because he did not contract with Rover. Dkt. No. 127 at 14–15. The Court agrees. As discussed above, Towner alleges that he "never accessed the Rover website or app or participated in any Rover booking." TAC at 2. He concedes that "Ms. Towner," and not he, "entered [into] a contract with Rover when booking Bella's pet sitting appointment." *Id.* at 4. It is well settled that, outside of exceptions not at issue here,

a non-party to a contract cannot sue for breach. *Walsh v. Colvin*, 101 P. 1085, 1087 (Wash. 1909); *Picciano v. Clark Cnty.*, No. 3:20-CV-06106-DGE, 2024 WL 3859755, at *13 (W.D. Wash. Aug. 19, 2024), *reconsideration denied*, No. 3:20-CV-06106-DGE, 2024 WL 4451611 (W.D. Wash. Oct. 8, 2024) ("traditional breach-of-contract remedies" allow only for parties to a contract to enforce a breach).

Accordingly, Towner's breach of contract claim fails as a matter of law, and the Court GRANTS Rover's motion as to that claim.

### 3.4   Infliction of emotional distress.

Rover next argues that Towner's infliction of emotional distress claim fails because he cannot establish duty or outrageous conduct. Dkt. No. 127 at 17. The Court agrees.

"[T]o prevail on a claim of infliction of emotional distress, a plaintiff must establish a claim for either intentional infliction of emotional distress [(IIED)] or negligent infliction of emotional distress [(NIED)]." *Chaudhry v. Day*, 31 Wash. App. 2d 225, 230, 548 P.3d 279, 282 (2024). To establish an IIED claim, also known as the tort of "outrage," a plaintiff must show "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 66 P.3d 630, 632  (Wash. 2003). The first element requires plaintiff to show that defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a

DISMISSAL ORDER - 7

civilized community." *Robel v. Roundup Corp.*, 59 P.3d 611, 619 (Wash. 2002) (quotation modified).

Towner alleges no conduct by Rover that could meet the "extreme or outrageous" standard. At most, he claims that Rover's "continued promotion of 'safe' services despite awareness of past harm and deficiencies" was outrageous. TAC at 5. But as discussed above, Rover's references to "safe" services describe its platform, not those provided by the sitters who used the platform. Even accepting Towner's allegations about Rover's "awareness of past harm," Dkt. No. 117 at 5, operating a marketplace where an individual sitter's dog proves aggressive does not approach conduct that goes "beyond all possible bounds of decency." *Robel*, 59 P.3d at 619. An outrage claim may not proceed unless "reasonable minds could not differ on whether the conduct was so extreme as to result in liability," and no reasonable mind could so conclude here.

Towner's NIED claim fares no better. To establish NIED, Towner must establish "duty, breach, proximate cause, damage, and 'objective symptomatology.'" *Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 205 (Wash. 2014). As with his negligence claim, Towner cannot show that Rover owed him a duty to ensure his safety and therefore cannot establish NIED.

Accordingly, Towner fails to state a plausible claim for infliction of emotional distress, and so the Court GRANTS Rover's motion as to that claim.

DISMISSAL ORDER - 8

**3.5    Fraudulent misrepresentation.**

Rover finally argues that Towner's fraudulent misrepresentation claim fails because he cannot show that he reasonably relied on any statement or omission made by Rover. Dkt. No. 127 at 17–18. The Court agrees.

To show fraudulent misrepresentation, Towner must satisfy the following elements of fraud:

> (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.

*Adams v. King Cnty.*, 192 P.3d 891, 902 (Wash. 2008). The Court need not examine any element other than the seventh: the plaintiff's reliance. Under "[r]eliance," the TAC states that "*Carrie* Towner booked pet-sitting based on Rover's 'safe' representations." TAC at 6 (emphasis added). Carrie Towner is not the plaintiff.

As a result, Towner fails to state a plausible claim for fraudulent misrepresentation, and the Court GRANTS Rover's motion as to that claim.

**3.6    No leave to amend.**

Courts should not "'dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). However, courts have "'particularly broad' discretion to deny leave to amend when the plaintiff has already had a chance to amend," *Id.* (quoting *Salameh v. Tarsadia Hotel*, 726 F.3d

DISMISSAL ORDER - 9

1124, 1133 (9th Cir. 2013)), or when amendment would be futile, *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Both considerations counsel against leave here. When including his dismissed Louisiana lawsuit, the Third Amended Complaint represents Towner's fourth bite at the apple. The Court will not give Towner a fifth opportunity to litigate a dog bite case in federal court. And amendment would be futile in any event, as the deficiencies identified above cannot be fixed with more artful drafting.

Accordingly, this action is DISMISSED WITH PREJUDICE.

## 4.  CONCLUSION

In sum, the Court GRANTS Rover's motion. The Third Amended Complaint is DISMISSED WITH PREJUDICE.

Dated this 27th day of February, 2026.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 10